## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MITSUI O.S.K. LINES LTD., | : | |
| | : | |
| Plaintiff, | : | Civil Action No: _____ |
| | : | |
| vs. | : | |
| | : | |
| XCOAL ENERGY & RESOURCES, a/k/a | : | |
| XCOAL ENERGY & RESOURCES L.P. a/k/a | : | |
| XCOAL ENERGY & RESOURCES LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## VERIFIED COMPLAINT

Plaintiff, Mitsui O.S.K. Lines Ltd. ("Plaintiff"), by its attorneys, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., and Tisdale & Nast Law Offices, LLC, alleges, upon information and belief, as follows:

## JURISDICTION AND VENUE

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

2.     Venue is proper in this district because there is or will be during the pendency of this action property belonging to or due and owing to Defendant within this district in the hands of a non-party garnishees, Garnishees CNX Marine Terminal a/k/a Consol Marine Terminal and/or Console Energy ("Garnishees") or any other variant of the Garnishees which may be holding property subject to this maritime attachment, as will be more fully discussed herein.

1

## THE PARTIES

3.      Mitsui O.S.K. Lines Ltd. is an entity duly incorporated in Tokyo with a registered address and principal place of business at 1-1 Toranomon 2 Chome, Minato-Ku, Tokyo 105-8688, Japan.

4.      Xcoal Energy & Resources ("Defendant") is an entity duly incorporated in Pennsylvania with a registered address and principal place of business at One Energy Place, Suite 9000, Latrobe, PA 15650.

## FACTS

5.      Pursuant to a charter party dated May 20, 2019, Plaintiff as owner, chartered to Defendant the M/V ASIAN BLOSSOM for the carriage of 125,000 mts of coal in bulk 10% more or less in Owners option from Baltimore, Maryland to Visakhapatnam, India.  (Hartmann Declaration, **Exhibit 1**).   A total of 124,552 mts of coal was loaded and the voyage was completed without incident.

6.      On or around October 16, 2019, an Invoice ("Invoice") was issued to Defendant for the balance of freight and settlement of dispatch and demurrage in the amount of $543,381.28.  (Hartmann Declaration, **Exhibit 2**).

7.      There is no dispute associated with the voyage or the outstanding Invoice.

8.      On or around April 28, 2020, Plaintiff sent a letter to Defendant requesting payment of the outstanding Invoice, noting it had been six months since issuance of the Invoice.

9.      On or around May 7, 2020, Defendant responded confirming receipt of the Invoice and stating that it had every intention to pay it in full along with fulfilling any of its other associated obligations.

10.     On or around June 1 and 15, 2020, Plaintiff sent other letters to Defendant requesting payment of the outstanding Invoice.

11.     Despite due demand, to date, no payment has been received or other explanation for non-payment proffered.

12.     The charter party provides for disputes arising thereunder to be referred to London arbitration with English law to apply.  Plaintiff will soon commence London arbitration.

13.     However, given the foregoing, Defendant is liable in damage to Plaintiff in the amount of $543,381.28 plus interest and costs.

14.     Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture of the Federal Rules of Civil Procedure ("Rule B") and in accordance with Maryland's Local Admiralty Rule (B), but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court. Upon information and belief, Defendant holds accounts and/or other assets and/or property within the jurisdiction of this Court to be disclosed more fully in future pleadings.

15.     Such accounts and/or assets and/or property are believed to be held and/or controlled by non-party Garnishees at their places of business in Baltimore, Maryland.

16.     These accounts and/or other assets and/or property are believed to be in the form of coal in bulk belonging to Defendant and currently in the possession and/or care one of both Garnishees.

17.     If any Garnishee, CNX Marine Terminal a/k/a Consol Marine Terminal and/or Console Energy, owes Defendant any monies or credits, or holds any assets of Defendant such as

debts and/or physical property, this property is subject to maritime attachment under Rule B as security against which Plaintiff may enforce its potential arbitration award.

18.     As best as can now be estimated, Plaintiff expects to recover the following amounts in the London Arbitration:

| | | |
|---|---|---|
| A. | Amount of the outstanding invoice: | $543,381.28 |
| B. | Interest at the English rate of 8% per annum two years from October 16, 2019 until an Award is reasonably expected: | $86,941.00 |
| C. | Costs and Attorneys' Fees awardable under English Law: | $100,000.00 |
| D. | Arbitrator's fees, costs, and expenses: | $50,000.00 |
| E. | Total: | $780,322.28 |

19.     The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8 attaching, *inter alia*, any property of the Defendant held by any Garnishees within the District for the purpose of obtaining personal jurisdiction over Defendant, to compel arbitration and for security for its soon to be commenced arbitration proceedings in London as per the Charter Party.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint, failing which default judgment be entered against it in the sum of **$780,322.28**;

B.     That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions and Maryland's Local Admiralty Rule (B), this Court issue an Order directing the Clerk

4

of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, also pursuant to the United States Arbitration Act 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, funds, effects, debts, monies,  and property tangible or intangible, up to the amount of **$780,322.28** belonging to, due or being transferred to, from, or for the benefit of the Defendant including but not limited to such property as may be held, received, or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of Garnishees CNX Marine Terminal a/k/a Consol Marine Terminal and/or Console Energy, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matter alleged in the Verified Complaint.

C.     That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any arbitration award or judgment in Plaintiff's favor against the Defendant as a judgment of this Court;

D.     That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E.     That the Plaintiff have such other, further, and different relief as the Court deems just, proper, and equitable.


Dated: February 2, 2021

Respectfully submitted,

By:     /s/  Jack R. Daley
        Jack R. Daley  (CPF #0912150189)
        jdaley@bakerdonelson.com
        BAKER, DONELSON, BEARMAN,

CALDWELL & BERKOWITZ, P.C.
100 Light Street, 19th Floor
Baltimore, MD 21202
Tel: (401)-685-1120

By:     /s/ Thomas L. Tisdale
        Thomas L. Tisdale (TT5263)
        ttisdale@tisdale-law.com
        TISDALE & NAST LAW OFFICES, LLC
        200 Park Avenue, Suite 1700
        New York, NY  10166
        Tel:    212-354-0025
        *pro hac vice* pending


        *Attorneys for Plaintiff,*
        *MITSUI O.S.K. LINES LTD.*

## **ATTORNEY'S VERIFICATION**

State of Connecticut          )
                             )          ss.:      Southport
County of Fairfield           )

     1.      My name is Thomas L. Tisdale.

     2.      I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

     3.      I am an attorney at Tisdale & Nast Law Offices, LLC, attorneys for the Plaintiff.

     4.      I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

     5.      The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

     6.      The source of my knowledge and the grounds for my belief are the statements made by, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

     7.      I am authorized to make this Verification on behalf of the Plaintiff.

     8.      The foregoing is true and correct under penalty of perjury of the laws of the United States of America.

Dated: February 1, 2021
      Southport, CT

                       /s/ Thomas L. Tisdale
                       Thomas L. Tisdale